UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cr-00034 |
| | ) | |
| FRANCISCO BUENROSTRO DELGADO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DECISION ON MOTION TO DISMISS FOR IMPROPER VENUE**
**(Doc. 27)**

Defendant Francisco Buenrostro Delgado is charged in a one-count Superseding Indictment with conspiracy to distribute controlled substances under 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). (Doc. 30.) He moves to dismiss the Superseding Indictment against him. (Doc. 27.) He contends that under Fed. R. Crim. P. 12(b)(3)(A)(i), the Superseding Indictment fails to establish a constitutional or statutory basis for venue in the District of Vermont. For the reasons discussed below, dismissal for lack of venue is inappropriate at this pretrial stage of the case.

### FACTS

The facts alleged in the indictment are assumed to be true for purposes of this motion. *See United States v. Goldberg*, 756 F.2d 949, 950 (2d Cir. 1985); *United States v. Velastegui*, 199 F.3d 590, 592 n. 2 (2d Cir. 1999); *United States v. Peterson*, 357 F. Supp. 2d 748, 749 (S.D.N.Y. 2005). The indictment alleges:

1

> In or around February 2019, in the District of Vermont and elsewhere, defendant FRANCISCO BUENROSTRO DELGADO knowingly and willfully conspired with others known and unknown to the Grand Jury to distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(Doc. 30.)

Defendant was indicted on February 28, 2019. (Doc. 1.) On February 20, 2020, Defendant moved under Fed. R. Crim. P. 12(b)(3)(A)(i) to dismiss the charge against him. (Doc. 27.) After his filing of the motion to dismiss, on March 5, 2020, the Grand Jury returned a Superseding Indictment against Defendant. (Doc. 30.) Both the original indictment and the Superseding Indictment allege that Defendant conspired to illegally distribute controlled substances *in the District of Vermont and elsewhere*. (Doc. 1; Doc. 30) (emphasis supplied).

## ANALYSIS

I. **Legal Standard for Motion to Dismiss for Improper Venue**

Embodying constitutional principles, *see* U.S. Const. art. III, § 2, cl. 3; *id.* amend. VI, the Federal Rules of Criminal Procedure require the government to "prosecute an offense in a district where the offense was committed," and the court to "set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice," Fed. R. Crim. P. 18; see also *United States v. Kirk Tang Yuk*, 885 F.3d 57 (2d Cir. 2018); *United States v. Lange*, 834 F.3d 58, 68 (2d Cir. 2016).

2

18 U.S.C. § 3237(a) provides that an offense "begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." The Supreme Court has held in *Hyde v. United States*, 225 U.S. 347, 360 (1912), *overruled by Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017) that conspiracy is a continuing offense within the meaning of 18 U.S.C. § 3237(a). Venue could properly lie in either the district where the conspiracy is entered into or any district where a subsequent overt act takes place, so long as the act is performed "by any conspirator" and is undertaken "for the purpose of accomplishing the objectives of the conspiracy." *United States v. Tzolov*, 642 F.3d 314, 319-20 (2d Cir. 2011).

The Second Circuit has recognized that courts must be wary of "extending that label [continuing offense] too broadly." *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005). The Second Circuit requires "it must have been reasonably foreseeable to each defendant charged with the conspiracy that a qualifying overt act would occur in the district where the prosecution is brought." *Kirk Tang Yuk*, 885 F.3d at 69 (quoting *United States v. Rommy*, 506 F.3d 108, 123 (2d Cir. 2007)) (original quotation marks omitted); *see also United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003). Moreover, if venue may lie in more than one district under a continuing offense theory, the court should also ask "whether the criminal acts in question bear substantial contact with any given venue." *United States v. Saavedra*, 223 F.3d 85, 93 (2d Cir. 2000). This "substantial contacts" test considers "(1) the site of the crime, (2) its elements and nature, (3) the place where the effect of the criminal conduct occurs, and (4) suitability of the venue chosen for accurate factfinding." *Id.* at 93.

3

The Government bears the burden of pleading venue. *See Tzolov*, 642 F.3d at 318. Where venue is challenged on a pre-trial motion to dismiss, the government's burden is limited to showing that the indictment alleges facts sufficient to support venue. Fed. R. Crim. P. 12(b)(3)(A)(i), 18; *see Peterson*, 357 F. Supp. 2d at 751. The Government "need only allege that criminal conduct occurred within the venue, 'even if phrased broadly and without a specific address or other information.'" *United States v. Ohle*, 678 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) (quoting *United States v. Bronson*, No. 05-CR-714 (NGG), 2007 WL 2455138, at *4 (E.D.N.Y. Aug. 23, 2007)). "The question of whether there is sufficient evidence to support venue is appropriately left for trial." *Id.* at 231 (citing *United States v. Chalmers*, 474 F. Supp. 2d 555, 575 (S.D.N.Y. 2007)).

## II.  Application

The only state identified in the Superseding Indictment as the location of the conspiracy is Vermont. Defendant claims that essential criminal conducts happened in North Carolina rather than in Vermont. He alleges that the Government will be unable to prove, by a preponderance of evidence, that the alleged controlled substance conspiracy was begun, continued, or completed in Vermont. He also contends that the Government fails to allege sufficient facts to support a finding of venue in the District of Vermont in the Superseding Indictment.

These arguments are premature at this pretrial stage of the case.

First, for the purpose of this motion, the facts alleged in the indictment are assumed to be true. *See Goldberg*, 756 F.2d at 950; *Peterson*, 357 F. Supp. 2d at 749. Whether the acts

alleged in the Superseding Indictment in fact occurred in the District of Vermont is appropriately left for trial, at which time the Government will be required to prove by a preponderance of the evidence that the crime was committed in the district in which the prosecution was brought. *Ohle*, 678 F. Supp. 2d at 231.

Second, "[t]he law of this Circuit is clear that the Government's burden is satisfied with regard to pleading venue by alleging that criminal conduct occurred within the venue, even if phrased broadly and without a specific address or other information." *Bronson*, 2007 WL 2455138, at *4.

The court conducted its own survey of the Second Circuit decisions. These cases illustrate the practice of deferring a ruling on the propriety of the prosecution's choice of venue to trial:

- *United States v. Bellomo*, 263 F. Supp. 2d 561, 579 (E.D.N.Y. 2003) (indictment alleging that offenses occurred "'within the Eastern District of New York and elsewhere,' suffices to sustain it against this pretrial attack on venue").
- *United States v. Szur*, S5 97 CR 108 (JGK), 1998 WL 132942, at *9 (S.D.N.Y. Mar. 20, 1998) ("on its face, the Indictment alleges that the offense occurred 'in the Southern District of New York and elsewhere,' which is sufficient to resist a motion to dismiss").
- *United States v. Stein*, 429 F. Supp. 2d 633, 643 (S.D.N.Y. 2006) ("as long as the indictment alleges venue, a pretrial motion to dismiss based on contrary allegations by the defendant must be denied").
- *United States v. Gotti*, No. X5 02 CR 743 (RCC), 2004 WL 602689, at *8 (S.D.N.Y. Mar. 26, 2004) (indictment alleging that "[f]rom in or about January 1998, up to and including on or about April 28, 1998, in the Southern District of New York, the Eastern District of New York, and elsewhere," defendant conspired with others to conduct murder is sufficient to survive a motion to dismiss).
- *United States v. Blondet*, S5 16-CR-387 (JMF), 2019 WL 5690711, at *1 (S.D.N.Y. Nov. 4, 2019) (The Indictment is sufficient when it alleges that the defendant "traffick[ed] cocaine" into the Bronx and engaged in racketeering activity "in the Southern District of New York and elsewhere.").

- *United States v. Dupigny*, No. S1 18-CR-528 (JMF), 2019 WL 2327697, at *4 (S.D.N.Y. May 30, 2019) (denying a motion to dismiss for lack of venue based on allegations in the indictment that the defendant had "committed the offenses 'within the Southern District of New York and elsewhere,' " noting that "[t]hat general allegation is sufficient to support venue at this stage, as innumerable courts in this District have held").

The court concludes that the Government has met its burden to plead venue in the Superseding Indictment. The indictment charges that the conspiracy with others was committed in the District of Vermont. This allegation is sufficient, at the pretrial stage, to show "substantial contact with the district." *United States v. Riley*, No. 13 Cr. 339 (RPP), 2014 WL 53440, at *3 (S.D.N.Y. Jan. 7, 2014) (quoting *United States v. Reed*, 773 F.2d 477, 481 (2d Cir. 1985)).

If the proof at trial fails to support venue in this district, defendant may move for a judgment of acquittal at the close of the government's case. *Bronson*, 2007 WL 2455138, at *4; see also *United States v. Mapp*, No. 95 CR 1162 (FB) (S-1), 1996 WL 506933, at *12 (E.D.N.Y. Sept. 3, 1996) ("If after the Government's case, the proof fails to establish venue as properly outlined in the bill of particulars, the defendants are invited to renew their venue objections pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure."); *United States v. Lanza*, No. 3:03cr00025, 2006 WL 344955, at *1 (W.D. Va. Feb. 10, 2006) ("Where the indictment properly alleges venue, . . . it would be premature for a district court to dismiss for improper venue. Under such circumstances, the defendant may await the government's case and move for acquittal if the government has failed to properly prove venue at trial") (citation omitted); *United States v. Ayeki*, 289 F. Supp. 2d 183, 188 (D. Conn. 2003) (stating that "[s]ince the indictment, on its face, properly alleges venue in the District of Connecticut,

6

there is no basis at this stage for moving for dismissal because of improper venue," but that "[i]f the government has failed to meet its burden of establishing venue at trial, [the defendant] may move for a judgment of acquittal under Fed. R. Crim. P. 29 at the conclusion of the government's case"); *United States v. Korolkov*, 870 F. Supp. 60, 63–64 (S.D.N.Y. 1994) (stating where indictment alleges venue, objection to venue raises factual issue to be resolved at trial).

## CONCLUSION

For these reasons, Defendant's motion to dismiss the Superseding Indictment for improper venue is denied without prejudice to renewal under Fed. R. Crim. P. 29.

Dated at Rutland, in the District of Vermont, this 3rd day of June, 2020.

Geoffrey W. Crawford, Chief Judge
United States District Court